UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOHNNY LEE WILSON** | **CIVIL ACTION NO. 20-1252** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN MOREHOUSE PARISH JAIL** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Petitioner Johnny Lee Wilson, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, filed this Petition for Writ of Habeas Corpus on approximately September 15, 2020, under 28 U.S.C. § 2241. [doc. # 1]. For reasons below, the Court should dismiss the Petition.

## Background

Petitioner is confined in the Morehouse Parish Jail ("MPJ") in Bastrop, Louisiana. [doc. # 1]. He writes that "this court sentenced [him] on March 13, 2018, to 2 terms of imprisonment of 72 months . . . for burglary." *Id.* at 1. Petitioner, however, is incorrect; the undersigned searched and did not uncover the claimed conviction. But the undersigned did find Petitioner's conviction from March 13, 2018, for aggravated burglary, in the First Judicial District Court, Caddo Parish, Louisiana.[1] This is consistent with Petitioner's statement that he is a prisoner in the custody of the Louisiana Department of Corrections (as opposed to the Federal Bureau of Prisons).[2] [doc. # 1, p. 1]

---

[1] TELEPHONE CALL TO CLERK OF COURT, FIRST JUDICIAL DISTRICT COURT (November 11, 2020).

[2] Petitioner adds that he is "being held on orders by state authorities." [doc. # 4, p. 1].

Petitioner first moves for compassionate release, relying on 18 U.S.C. § 3582(c)(1)(A), and maintaining that he is highly vulnerable to a virus present at MPJ, Covid-19 (also identified by Petitioner as the "Corona Virus"), because of his heart murmurs and acute asthma. *Id.* at 1. Petitioner maintains that the "specter of death is a very real possibility under the circumstances." *Id.*

Further relying on Section 3582(c)(1)(A), Petitioner claims that he has made "impressive efforts at rehabilitation." *Id.*

Petitioner next claims, without context, that his earned good-time credits were taken "erroneously due to [him] protecting [his] manhood." *Id.* Petitioner filed a civil proceeding here before, claiming that on December 31, 2019, another inmate sexually accosted him and forced him to protect his manhood. *Johnny Lee Wilson v. Warden Brown, et al.*, 3:20-cv-1005 (W.D. La. Sept. 9, 2020). He claimed there that the Department of Corrections revoked his good-time credits without first investigating or waiting on the result of his pending Prison Rape Elimination Act investigation. *Id.* at doc. 9, p. 1. He requested release from confinement. The Court denied the claim, instructing Petitioner to instead file a habeas corpus action after he exhausted all available state-court remedies. *Id.* at doc. #s 9, 10. Petitioner apparently obliged, filing this habeas corpus proceeding.

Petitioner filed an administrative-remedy-procedure grievance, seeking the restoration of his good-time credits, but he did not receive a response. [doc. # 4, p. 2]. He then pursued relief before the Department of Corrections, which informed him that his grievance was unfounded. *Id.* at 3. He did not pursue further review because he "didn't know who or where to appeal . . . and still doesn't to this day." *Id.*

2

Next, Petitioner challenges his underlying state conviction, claiming: (1) he "was not *Mirandized* when arrested"; (2) he was coerced into pleading guilty; (3) someone performed an inadequate investigation and overlooked evidence and statements; and (4) his bill of information contained insufficient and inconsistent statements. *Id.* at 1, 4-7.

Petitioner asks the Court to: (1) modify his term of imprisonment to time served; (2) release him to home confinement; (3) restore his good-time credits; and (4) order his immediate release. [doc. #s 1, pp. 4, 7].

**Law and Analysis**

**I. Compassionate Release Under 8 U.S.C. § 3582(c)(1)(A)**

Petitioner moves for compassionate release, relying on 18 U.S.C. § 3582(c)(1)(A), and maintaining that he is highly vulnerable to a virus at MPJ, Covid-19, because of his heart murmurs and acute asthma. *Id.* at 1. He also claims that he has made "impressive efforts at rehabilitation." *Id.*

As above, however, this Court did not sentence Petitioner. Rather, the First Judicial District Court, Caddo Parish, Louisiana, sentenced him, and he is in the custody of the Louisiana Department of Corrections. He is not in the custody of the Federal Bureau of Prisons.

Under 18 U.S.C. § 3582(c)(1)(A) (emphasis added), "the court, upon motion of the Director of the *Bureau of Prisons*, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the *Bureau of Prisons* to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ."

Plainly, Section 3582 is inapplicable because a federal court did not sentence Petitioner, and he is not in the custody of the Bureau of Prisons. The Court should deny this claim.

3

**II. Conditions of Confinement**

Without relying on Section 3582, Petitioner once more seeks release because of his vulnerability to the virus present at his facility. Manifestly, he challenges the conditions of his confinement.

"Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose. While it is correctly alluded to as the Great Writ, it cannot be utilized as . . . a springboard to adjudicate matters foreign to the question of the legality of custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

"Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007). "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement. *Davis v. Fechtel*, 150 F.3d 486, 487, 490 (5th Cir. 1998). It is not, however, the proper procedural vehicle for claims . . . regarding the conditions of confinement." *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020).[3]

---

[3] See *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("[A] habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit pursuant to 42 U.S.C. § 1983 for a state prisoner or under *Bivens* for a federal prisoner is 'the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'") (quoting *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)).

In *Moore v. King*, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009), for instance, the petitioner sought habeas relief, challenging the conditions of his confinement. The court affirmed the dismissal of his claim, citing *Pierre* for the rule that habeas is simply not available.[4]

Here, Petitioner's conditions-of-confinement claim is clearly unrelated to the cause of his detention. Thus, the Court should deny it.

"[I]n instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). Here, Petitioner's claim can be "pursued as an initial matter under § 1983," but he may not pursue release from confinement under Section 1983. Further, his potential Section 1983 claim and his habeas claims are inseparable because he seeks release from confinement for all. Petitioner *only* seeks release from confinement which, as explained above, is not a cognizable form of relief for this conditions-of-confinement claim. Thus, the Court should decline to re-designate this Petition as a civil rights complaint. Moreover, re-designating the pleading would obligate Petitioner to pay an additional filing fee. Petitioner alone must decide if he wishes to pursue monetary relief in a separate civil rights proceeding.

If Petitioner desires to pursue a civil rights action, he must file a separate proceeding, utilizing the appropriate complaint form. He should be cognizant that, to file a separate civil

---

[4] See *Mora v. Warden, Fed. Corr. Complex, Yazoo City Medium*, 480 F. App'x 779, 780 (5th Cir. 2012) (affirming dismissal of a 2241 petition as "not cognizable" because it related to the petitioner's "medical needs, and a determination in his favor would not result in his accelerated release."); *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009) ("[T]he district court found it could not grant her relief pursuant to Section 2241 because her application was 'not in reference to the imposed sentence—but for medical needs.' We agree."); *McBarron v. Jeter*, 243 F. App'x 857, 857 (5th Cir. 2007); *Watson v. Briscoe*, 554 F.2d 650, 652 (5th Cir. 1977).

rights proceeding, he must either pay the requisite filing fee or submit a properly executed application to proceed in forma pauperis.[5] Petitioner should likewise be cognizant that he must exhaust all available administrative remedies before pursuing relief here for his conditions-of-confinement claim.

**III. Challenges to Petitioner's Conviction**

Petitioner challenges his underlying conviction, claiming: (1) he "was not *Mirandized* when arrested"; (2) he was coerced into pleading guilty; (3) someone performed an inadequate investigation and overlooked evidence and statements; and (4) his bill of information contained insufficient and inconsistent statements. [doc. # 4, pp. 1, 4-7].

When he initiated this proceeding using a hand-written petition, he did not specify whether he sought relief under 28 U.S.C. §§ 2241 or 2254. The Clerk of Court correctly mailed Petitioner a form for filing under Section 2241 because he initially challenged only his conditions of confinement. Thus, he proceeds under Section 2241. Petitioner presented the four claims above for the first time in his amended form petition, radically altering the nature of the proceeding.

Section 2241 is generally reserved for challenging the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A state prisoner may also seek habeas relief under Section 2241 for pre-trial issues. See *Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir.), cert. denied, 484 U.S. 956 (1987).

---

[5] Petitioner is advised that the cost of litigating a civil rights complaint pursuant to Section 1983 is significantly higher than the cost of litigating a habeas corpus petition.

Conversely, 28 U.S.C. § 2254 specifically governs challenges to state court convictions. Section 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (citing *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)); 28 U.S.C. § 2254(a) (stating that federal courts "shall entertain an application for a writ of habeas corpus [from one] in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States."). Section 2254 applies to post-trial situations in which a judgment has already been entered against the petitioner. See *id*.

Here, Petitioner is not a pre-trial detainee, and he is not challenging the execution of his sentence. He was convicted and sentenced by a state court, and he challenges his state court conviction on grounds that it was obtained in violation of the Constitution and laws of the United States. Consequently, Section 2254 is most applicable, and the Court should dismiss these claims.[6]

The Court should not recast or recharacterize this Petition as one under Section 2254 because: (1) Petitioner also incorporates unrelated claims arising under Section 2241; (2) the Court's filing forms for Section 2241 and 2254 instruct petitioners to provide different information; (3) Petitioner concedes that he did not exhaust his state court remedies before

---

[6] Both Sections 2241 and 2254 apply, but the latter is most applicable. Federal courts generally interpret Section 2241 as a statutory grant of authority to issue habeas writs, while Section 2254 is deemed to implement that authority with respect to state prisoners. See *Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"); *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015) (Section 2241 empowers a federal court to grant writs of habeas corpus in general, while section 2254 "applies to 'a person in custody pursuant to the judgment of a State court'") (quoted case omitted).

raising these claims here;[7] and (4) recharacterizing this as a Section 2254 proceeding could expose Petitioner to the restrictions on 'second or successive' petitions if he later chooses to file a second Section 2254 petition.

Petitioner should, if he wishes, pursue the four claims above under Section 2254, but only if he firsts exhausts his available state-court remedies by presenting his claims to each and every level of state court.[8] Petitioner should also be mindful of the one-year statute of limitations applicable to Section 2254 petitions.

### IV. Good-Time Credits

Petitioner asks the Court to restore his good-time credits, which were revoked following a disciplinary action at MPJ. See *Allen v. Fox*, 772 F. App'x 124, 125 (5th Cir. 2019) ("Because Allen challenges the loss of good-time credits, he properly sought relief pursuant to § 2241.").

A petitioner seeking federal habeas corpus relief must first exhaust all available state remedies. See *Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). If the record, or the face of the federal habeas corpus petition, reveals that the petitioner

---

[7] [doc. # 4, pp. 6-7].

[8] "The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the highest state court on direct appeal or in state post-conviction proceedings, even if the state court fails to address the federal claim, or, if the federal claim is not fairly presented but the state court addresses it *sua sponte*. . . . [T]he petitioner must afford the state court a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (internal quotations marks and citations omitted).

8

has not complied with the exhaustion requirement, courts are expressly authorized to dismiss the petition. See *Resendez v. McKaskle*, 722 F.2d 227, 231 (5th Cir. 1984); *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997).[9]

To seek restoration of good-time credits in Louisiana, an inmate must first exhaust administrative remedies through the Department of Corrections' two-step administrative grievance process. LA. REV. STAT. 15:1176; LA. ADMIN. CODE tit. 22, Pt. I, § 325.[10] If the inmate is unsuccessful, he may seek judicial review only before the 19th Judicial District Court, East Baton Rouge Parish. See LA. REV. STAT. 15:1177(A); LA. REV. STAT. 15:571.15.[11]

---

[9] See also *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973) (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate."); *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); *Saucier v. Alcede*, 62 F.3d 392 (5th Cir. 1995).

[10] LA. ADMIN. CODE tit. 22, Pt. I, § 325(D)(2), provides in part: "Corrections Services has established the administrative remedy procedure through which an offender may seek formal review of a complaint which relates to any aspect of his incarceration if less formal methods have not resolved the matter. Such complaints and grievances include . . . time computations . . . ." In addition, LA. REV. STAT. 15:1171(B), provides in part, "The department or sheriff may also adopt . . . administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances . . . . Such complaints and grievances include but are not limited to . . . actions pertaining to . . . time computations, even though urged as a writ of habeas corpus . . . ." See *Williams v. Creed*, 978 So. 2d 419, 422 (La. Ct. App. 2007), *writ denied sub nom. State ex rel. Williams v. State*, 18 So. 3d 111 (La. 2009) ("[LA. REV. STAT. 15:1171] further provides that such complaints and grievances include actions pertaining to time computations, such as computations of good time. The administrative remedy procedure is to provide the exclusive remedy to the offender for complaints governed thereby. Accordingly, a prisoner alleging an error in computation of good time must pursue his claim through the administrative remedy procedure, with appellate review first at the district court and then with this court. ") (internal citation omitted).

[11] LA. REV. STAT. 15:1177(A), provides in part, "Any offender who is aggrieved by an adverse

9

If the inmate is unsuccessful at the district court level, the inmate may appeal the decision to the "appropriate court of appeal." LA. REV. STAT. 15:1177(A)(10). The "appropriate court of appeal" is the First Circuit Court of Appeal. LA. REV. STAT. 13:312(1); see LA. CONST. art. V, § 10. Finally, if the inmate's appeal is unsuccessful, the inmate may seek supervisory review before the Supreme Court of Louisiana. See LA. CODE CIV. PROC. art. 2201; LA. CONST. art. V, § 5.

Here, Petitioner filed an administrative-remedy-procedure grievance, but he did not receive a response. [doc. # 4, p. 2]. He pursued relief before the Department of Corrections, which informed him that his grievance was unfounded. *Id.* at 3. Because he did not pursue further review before any level of state court, however, he has not exhausted all state court remedies.

Under 28 U.S.C. §2254(b)(1), "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- . . . (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."[12] Petitioner does not argue that there is an absence of available State corrective process or that circumstances exist that render State corrective processes ineffective to protect his rights.

---

decision . . . by the Department of Public Safety and Corrections . . . may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court . . . ." LA. REV. STAT. 15:571.15, provides in part, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge."

[12] Of note, "If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982).

He does suggest that the Court should excuse his failure to exhaust because he "didn't know who or where to appeal . . . and still doesn't to this day." He adds: "I am unskilled and blind when it comes to the processes of law and all the steps to take . . . ." He has "limited to no access to a law library and [is] blind to processes."

"[E]xceptions to the exhaustion requirement apply only in extraordinary circumstances . . . ." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (internal quotation marks and quoted source omitted). Ignorance of the law and limited access to a law library do not amount to extraordinary circumstances and will not excuse a failure to exhaust. *McIntyre v. Quarterman*, No. 3-09-CV-0574-B, 2009 WL 1563516, at *3 (N.D. Tex. June 2, 2009) ("None of these excuses—*pro se* status, ignorance of the law, or limited access to the law library-constitutes 'good cause' for petitioner's failure to exhaust his state remedies.").

In *Urquhart v. Brown*, 205 U.S. 179, 182 (1907), the Court mentioned: "The exceptional cases in which a Federal court or judge may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the state are those of great urgency, that require to be promptly disposed of; such, for instance, as cases 'involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations.'" These exceptional cases involve, for instance, "interferences by the state authorities with the operations of departments of the general government, and . . . the delicate relations of that government with a foreign nation." *U.S. ex rel. Kennedy v. Tyler*, 269 U.S. 13, 19 (1925). The instant proceeding is not such an exceptional case. Thus, the Court should dismiss this claim.

Petitioner is hereby advised that there is a one-year statute of limitation for filing habeas corpus petitions in federal court, 28 U.S.C. § 2244(d), and that this provision is applicable to any

11

subsequent petition that he files in this Court. Petitioner is further advised that the filing of a federal habeas corpus petition, such as this one, does not toll the statute of limitation. *Duncan v. Walker,* 533 U.S. 167, 181-182 (2001).

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner Johnny Lee Wilson's claims under 18 U.S.C. § 3582 be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Petitioner's remaining claims be **DISMISSED WITHOUT PREJUDICE**.

This Report and Recommendation serves as notice to Petitioner that the Court may sua sponte dismiss his claims for failure to exhaust. Petitioner may respond by objecting to this Report and Recommendation. See *Kurtzemann v. Quarterman*, 306 F. App'x 205, 206 (5th Cir. 2009).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See ***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 16th day of November, 2020.

                                                                                 _____
                                                                                 KAREN L. HAYES
                                                                                 UNITED STATES MAGISTRATE JUDGE